JOHN CARNAHAN, complainant-respondent,

*v.*

JOSEPH L. CARNAHAN, counter-claimant,

LILLIE M. CARNAHAN, defendant-appellant.

[Argued November 18th, 1920.   Decided February 28th, 1921.]

A conveyance by a husband to a wife, in good faith and upon a consideration of money loaned by the wife to the husband, is valid against all persons; a husband has a right to secure or pay his wife for her advances to him.

On appeal from the court of chancery.

*Mr. Clarence L. Cole,* for the appellant.

*Messrs. Bourgeois & Coulomb,* for the respondent.

The opinion of the court was delivered by

BLACK, J.

The primary and perhaps the only disputed question involved in this suit is whether Joseph L. Carnahan was in fact indebted to his wife, Lillie M. Carnahan, for money loaned.   On April 29th, 1918, he conveyed to her, through an intermediary, lot No. 2, with the house thereon, located on the west side of Vermont avenue, known as No. 206, Atlantic City, New Jersey. The dimensions of the lot are twenty-eight feet in front and rear by seventy-five feet deep.   The problem for solution is largely one of fact.   It was so treated by the learned vice-chancellor, who heard the case in the first instance.   A bill was filed in the court of chancery by John C. Carnahan, father and creditor of Joseph L. Carnahan, to set aside the conveyance alleging that it was made in fraud of creditors and without considera-

tion.   A decree was advised setting aside the conveyance as
against John C. Carnahan, and also establishing an indebted-
ness of the defendant, Lillie M. Carnahan, to her husband, for
the balance of the proceeds of certain stock sold by the order of
Joseph L. Carnahan and deposited to the credit of the wife, in
the Union National Bank at Atlantic City, New Jersey.   Our
examination of the record leads us to the opposite conclusion
from that reached by the learned vice-chancellor.   He found the
conveyance was made as a gift from the husband to the wife,
applied the principle, that the donor received, at the time of the
conveyance, no such independent advice as the law contemplates
is necessary, to support such a gift, illustrated in the case of
*Post* v. *Hagen, 71 N. J. Eq. 234,* a case of a voluntary convey-
ance, by way of gift, by a mother to a daughter.   But, the record
satisfies us, the consideration of the conveyance was an existing
indebtedness due the wife from the husband, which had been
recognized by the husband, that Lillie M. Carnahan, the wife,
was an actual creditor of the husband, Joseph L. Carnahan.
This fact being established, the legality of the conveyance can-
not be successfully attacked, on the ground that it was a gift,
because it then stands upon the same ground as any other con-
veyance with a legal consideration. A conveyance by the husband
to the wife, if made in good faith and for an adequate consid-
eration, is valid against all persons.  *21 Cyc. 1287; 12 R. C. L.
516 ¶ 46.*  This court has said a husband has a right to secure
or pay his wife for her advances to him.   *Brock* v. *Hudson
County National Bank, 48 N. J. Eq. 618.*   In that case, the
value of the property conveyed was in excess of the debt.   It
would serve no useful purpose to point out in detail and at
length the testimony in the record, which is voluminous, that
leads us to this conclusion.   But these facts stand out undis-
puted.   The papers were prepared in the office of Allen B. Endi-
cott; the acknowledgments were taken before Joseph B. Perskie,
lawyers of integrity and acknowledged standing at the New
Jersey bar.   The property was assessed for the purposes of taxa-
tion at $7,500, subject to a purchase-money mortgage of $6,500,
valued not in excess of $15,000; the expressed consideration in
the deed to the husband dated October 5th, 1916, was $10,750.

The wife testified that she received about fifty $1,000 bonds from her first husband; that she did receive something is not controverted. The indebtedness to her, so she testified, of the present husband, was $13,000, which he borrowed. The amount she received from the proceeds of the sale of the stocks was $8,772.83, deposited in the Union National Bank at Atlantic City to her credit, and the learned vice-chancellor found of this sum she repaid $6,354; conceding these figures to be correct, she received from her husband $10,918.83 without any allowance for support, from the time the husband went to live in Pittsburgh in 1918, for which, in law, he was liable. *Strawbridge* v. *Sigle*, *73 N. J. Law 419; 13 R. C. L. 1188 ¶ 229.* That there was an indebtedness from the husband to the wife, as she testified, has some corroboration from the testimony of the husband; thus, in a letter, he says, "I will give your money to you and do all I can to help you, my spouse." A witness, at page 228 of the record, testified that she heard the husband say "He was going to turn a leaf and pay her back every cent he owed her." Page 229. "Sure, Lil, I will make good." We can find nowhere in the record that the husband made any denial of this testimony. He testified, "I got a few dollars off of her;" true, he also testified, "She never gave me any money." So, we conclude, the decree must be reversed, the record remitted to the court below, to the end that the bill of the complainant and the counter-claim of Joseph L. Carnahan may be dismissed. The defendant, Lillie M. Carnahan, is entitled to costs in both courts.

PARKER, J. (dissenting).

My conclusion from the evidence in this case is that the conveyance from husband to wife through the intermediary was not the product of fraud or undue influence by the wife, and although without valid consideration, was itself valid as a settlement on the wife made voluntarily, and, hence, immune to attack by the husband himself. *Hood* v. *Hood*, *83 N. J. Eq. 695.* But, being voluntary, it was not immune from attack by a judgment creditor of the husband, which was the status of his father, the complainant. Hence, the decree brought up should be

affirmed so far as it supports the prayer of the principal bill, and reversed so far as it sustains the cross-bill, which should be dismissed.

Mr. Justices Kalisch and Katzenbach and Judge Heppenheimer authorize me to say that they concur in this view.

*For affirmance*—PARKER, KALISCH, KATZENBACH, HEPPENHEIMER, WILLIAMS—5.

*For reversal*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, BERGEN, MINTURN, BLACK, WHITE, TAYLOR, GARDNER, ACKERSON—10.

*For modification*—PARKER, KALISCH, KATZENBACH, HEPPENHEIMER, WILLIAMS—5.